(No. 38337.—

HALES & HUNTER COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(R. M. EVERITT, Appellee.)

*Opinion filed May 20, 1964.*

KOEHLER & MERRICK, of Chicago, (HUBERT C. MERRICK and TERRANCE J. VAN DRISKA, of counsel,) for appellant.

JACK L. SACHS, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This petition for writ of error was taken from the order of the circuit court of Cook County confirming an award of the Industrial Commission in favor of the claimant, R. M. Everitt, and will be considered as a direct appeal under Supreme Court Rule 28—1.

The claimant, R. M. Everitt, originally initiated proceedings under the Workmen's Occupational Diseases Act to recover compensation for an alleged occupational disease and disablement said to have resulted from dissecting sick chickens in Florida. At the close of proof claimant amended his application to one under the Workmen's Compensation Act alleging an accidental injury in Florida. The arbitrator dismissed the proceeding under the Workmen's Occupational Diseases Act and entered an award for permanent total disability and pension and for medical, surgical and hospital services under the Workmen's Compensation Act. The arbitrator's award was confirmed by the Industrial Commission on review and by the circuit court of Cook County.

Claimant was employed by Hales & Hunter Company of Chicago, Illinois, from 1936 until his retirement May 1, 1960, as a salesman and trouble-shooter for the sale of chicken feed. As part of his employment, he performed autopsies on a large number of diseased chickens and alleged that while performing such autopsies he contracted a fungus infection of his lungs and became permanently disabled. The application under the Workmen's Compensation Act alleged that he sustained an accidental injury on March 30, 1960, and the place of accident is alleged as Florida.

The record indicates that the claimant, Everitt, killed and dissected chickens, slitting the gizzard and making visual and olfactory inspection to determine if diseased chickens had mycotic fungus or a condition known as "water belly". This determination was required because "water

belly" was traceable to defective feed supplied by Everitt's employer while mycotic fungus was not.

Beginning in 1957 this phase of his employment increased. Early in 1957 Everitt consulted Dr. Hampton who discovered a shadowy area in his right lung, but Everitt did nothing about it. From 1957 to his retirement on May 1, 1960, Everitt lost forty pounds and his general physical condition was deteriorating. He became very ill in July, 1960, and was hospitalized.

Dr. Hampton was of the opinion that Everitt had a fungus infection of the lung in 1957 and diagnosed his condition in August, 1960, as a fungus disease of the lung. He stated that it is the type of disease that takes quite a while to develop, and a person may harbor the organism for months or years and then it suddenly becomes fulminant and invasive. Dr. Hampton was of the opinion that the disease originated in Everitt's employment.

The employer urges reversal of the award contending that the evidence in the record totally fails to prove an accidental injury in the course of employment, that the required notice was given, or that there was a contract of hire in Illinois bringing the case under the jurisdiction of the Industrial Commission.

We first consider whether or not the record contains evidence of an accidental injury to the employee. The meaning of "accidental injury" as used in the Illinois Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, pars. 138.1 *et seq.,*) has been defined as an injury which is traceable to a definite time, place and cause, and occurs in the course of employment unexpectedly and without affirmative act or design of the employee. *Laclede Steel Co.* v. *Industrial Com.* 6 Ill.2d 296, 300; *Marsh* v. *Industrial Com.* 386 Ill. 11; *VanWatermuellen* v. *Industrial Com.* 343 Ill. 73; *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378.

We know of no case where a disease or infection developing over a long period of time without any definite disability occurring during the employment has been held to be an accidental injury. In this case there is no evidence of any exposure or disability occurring on or about March 30, 1960, the date of the alleged accidental injury. Indeed the undisputed evidence is that the employee was exposed to the hazard from 1957 to the date of his retirement, that his condition steadily deteriorated, and that his disability occurred subsequent to his retirement.

From a review of this record we can only conclude that there is no evidence that the employee's present disability was the result of an injury traceable to a definite time, place and cause.

This deficiency in proof may be attributed to the fact that this case was tried under the theory that the employee was suffering from an occupational disease and was entitled to an award for a disability resulting from long exposure to a hazard under the Occupational Diseases Act. (Ill. Rev. Stat. 1963, chap. 48, par. 172.36 *et seq.*) At the close of proofs, however, this claim was abandoned, presumably because the Occupational Diseases Act has no extraterritorial application to diseases resulting from exposure outside of Illinois. (*Dur-Ite Co.* v. *Industrial Com.* 394 Ill. 338.) The limitation on that act, however, does not justify an award of compensation under the Workmen's Compensation Act for a disability that is not traceable to a definite time, place and cause.

Because of the view we have taken of this case we need not consider the other questions raised by the employer. Since there is no evidence in the record from which the Industrial Commission could reasonably infer that the employee's disability was caused by an accidental injury, the judgment of the circuit court of Cook County confirming the award of the Commission is reversed.

*Judgment reversed.*